IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, § <br> § <br> **Plaintiff,** § <br> § <br> vs. § <br> § <br> NATIONAL WARRANTY SERVICES, § <br> INC., MARK VICTOR, DAVID § <br> CUNNIGHAM, INTERSTATE § <br> NATIONAL DEALER SERVICES, INC., § <br> OMNISURE GROUP, LLC § <br> **Defendants.** § <br> § | CIVIL ACTION NO. 4:19-cv-895-ALM-CAN <br> **Honorable Judge Amos L. Mazzant** |

## REPORT OF PARTIES' OF MEETING
## UNDER FED. R. CIV. P. 26(f)

Pursuant to Fed. R. Civ. P. 26(f) and this Court's March 2, 2018 Order (ECF No. 24), the parties conducted a meeting by telephone to discuss case management and a plan for discovery. Craig Cunningham participated, pro se, and Eric Fein.

1. Brief factual and legal synopsis of the case. **Plaintiff's** complaint allege that Plaintiff received multiple unwanted telephone calls placed by or on behalf of Defendants in violation of the Telephone Consumer Protection Act. **Defendant** Mark Victor denies he made any of the alleged phone calls and is not liable to Plaintiff in any way.

2. Jurisdictional basis for litigation. **Plaintiff** alleges that jurisdiction and venue are proper in this Court because Defendants transact business in this District and the conduct complained of occurred in this District. **Defendant** Mark Victor denies that this court has personal jurisdiction over him and has moved to dismiss this action against him.

3. Correct names of parties

Plaintiff - The **Plaintiff** is Craig Cunningham. Defendants' proper names are National Warranty Services, Inc., Mark Victor, David Cunningham, Ominsure Group, LLC, Intestate National Dealer Services, Inc.

Defendant – Plaintiff has correctly identified the proper name of Defendant Mark Victor.

4. Related cases-unknown.

5. The parties made initial mandatory disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and this Court's Order.

6. Scheduling Order. See **Exhibit A.**

7. Subjects on which discovery may be needed.

**Plaintiff** – Plaintiff anticipates discovery on call records, marketing partners used by the defendants, elements of the phone calls to include the dates, times, call records, call ID's, how the calls were dialed, any purported consent to call, and other such information relating to

**Defendant** – (i) Defendant Mark Victor anticipates discovery on call records, elements of alleged phone calls, date, time, duration, origin terminal, CAB records, corporate structure and division of labor in National Warranty Services, Inc,, personal records of National Warranty Services, Inc. Plaintiff's prior litigation. Defendant believes discovery should be completed by September 30, 2020 and there is no need to conduct discovery in phases, be limited or focused on particular issues.

(ii) Defendant anticipates an issue with ESI in that telephone data must be collected and transcribed through entities that specialize in handling telecommunications data.

(iii) There are no agreements or disputes relating to claims of privilege or preservation of information at this time.

(iv and v) The parties do not think any changes should be made in limitations on discovery or any other orders should be entered by the Court at this time.

8. Settlement. Plaintiff made a settlement demand during the Rule 26(f) conference.

9. The identity of persons expected to be deposed

Plaintiff-

Defendant - Defendant Mark Victor intends to depose Plaintiff Craig Cunningham, David Cunningham, Maria Delernia and David Anderson.

10. Estimate length of Trial

Plaintiff -

Defendant – 2 days.

11. Names of Attorneys Appearing at Case Management Conference.

Plaintiff Craig Cunningham, pro se,

Defendant Mark Victor – Eric Fein or Vickie Brandt.

12. The parties do <u>not</u> unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

13. Other Matters. The participants to the Case Management Conference are not aware of any other matters for inclusion in the joint conference report or that deserve special attention at this time.

Exhibit A

PROPOSED SCHEDULING ORDER DEADLINES

The following actions shall be completed by the date indicated.[1] (The times indicated are the standard for most cases. Counsel should be prepared to explain the need for requested changes)

| Date | Action |
|---|---|
| February 20, 2020 | Deadline for motions to transfer |
| March 27, 2020 | Deadline to add parties |
| September 30, 2020 | Mediation must occur by this date |
| August 18, 2020 | Deadline by which the parties shall notify the Court of the name, address, and telephone number of the agreed-upon mediator, or request that the Court select a mediator if they are unable to agree on one. |
| August 24, 2020 | Plaintiff's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) |
| May 8, 2020 | Deadline for Plaintiff to file amended Pleadings (a motion for leave to amend is required.) |
| May 22, 2020 | Defendant's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) |
| May 22, 2020 | Deadline for Defendants' final amend pleadings (A motion for leave to amend is required) |
| July 6, 2020 | Deadline to object to any other party's expert witnesses. Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection |

---

[1] If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in Fed. R. Civ. P. 6, the effective date is the first federal court business day following the deadline imposed.

| | |
|---|---|
| <u>May 22, 2020</u> | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |
| <u>September 11, 2020</u> | All discovery shall be commenced in time to be completed by this date. |
| <u>October 22, 2020</u> | Notice of intent to offer certified records |
| <u>October 22, 2020</u> | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order (See Local Rule CV-16(b) and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases). |
| <u>October 30, 2020</u> | Video Deposition Designation due. each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination li ne and page numbers to be included. counsel must consult on any objections and only those which cannot be resolved shall be presented to the court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties designations and the court's rulings on objections. |
| <u>November 3, 2020</u> | Motions in limine due<br>File Joint Final Pretrial Order (*See www.tex.uscourts.gov*) |

| | |
|---|---|
| November 19, 2020 | Response to motions in limine [2] File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.[3] (This does not extend deadline to object to expert witnesses). file Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law) |
| Date will be set by the Court. Usually within 10 days prior to final pretrial conf. | If numerous objections are filed, the court may set a hearing to consider all pending motions and objections. |
| December 3, 2020 | Final Pretrial conference at 9:00 a.m. at the Paul brown United States Courthouse located at 101 East Pecan street in Sherman, Texas. Date parties should be prepared to try case. All cases on the Court's Final Pretrial Conference docket for this day have been set at 9:00 a.m. However, prior to the Final Pretrial Conference date, the Court will set a specific time between 9:00 a.m. and 4:00 p.m. for each case, depending on which cases remain on the Court's docket. |
| To be determined | 9:30 a.m. Bench (or Jury) Trial at the Paul brown United states Courthouse located at 101 East Pecan street in Sherman, Texas. Cases that remain for trial following the Court's Pretrial docket will be tried between 1/4/2021 – 1/29/2021. A specific trial date in this time frame will be selected at the final Pretrial conference. |

---

[2] This is not an invitation or requirement to file written responses. Most motions in limine can be decided without a written response. but, if there is particularly difficult or novel issue, the Court needs some time to review the matter. To save time and space respond only to items objected to. all others will be considered to be agreed. Opposing counsel **shall confer** in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response. the parties shall notify the court of all the issues which are resolved.

[3] Within five calendar days after the filing of any objections, opposing counsel shall confer to determine whether objections can be resolved without a court ruling. The parties shall notify the court of all issues which are resolved. The court needs a copy of the exhibit or the pertinent deposition pages to rule on the objection.